IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRENDA COLEMAN GILLIS, )
)
Appellant, )
)
v. ) Civil Action No. 3:18-CV-719-HEH
)
SPECIALIZED LOAN SERVICING )
LLC, as Servicing Agent for Deutsche )
Bank National Trust Co, as Trustee for )
First Franklin Mortgage Loan Trust )
2006-FF11 )
)
Appellee. )

## MEMORANDUM OPINION
### (Summarily Affirming the Bankruptcy Court)

This bankruptcy matter is before the Court on an appeal filed by Brenda Gillis (*pro se* "Appellant") pursuant to 28 U.S.C. § 158(a). Appellant, who is a debtor in a Chapter 13 bankruptcy case, appeals the Bankruptcy Court's October 17, 2018 Order (the "Order") that overruled her objection to Appellee's Proof of Claim 2. (*See* ECF No. 14-1.) In that Order, the Bankruptcy Court concluded that "[a]fter the taking of evidence and upon hearing argument from both parties, for reasons stated on the record; it is **ORDERED** that the [Appellant's] Objection to Claim 2 is OVERRULED and further ordered that Claim 2-1 is hereby deemed an allowed secured claim in the amounts claimed therein." (*Id.*) On appeal, Appellant challenges the Bankruptcy Court's factual conclusions. Appellant contends that she was not at the closing for the property in question, and as a result, counsel for Appellee allegedly presented a fraudulent Promissory Note and Deed of Trust during the Bankruptcy Court's hearing on October 16, 2018. (App. Br. 6–8, ECF No. 23.)

Both Appellant and Appellee have designated portions of the record that they believe to be pertinent to this appeal, pursuant to Fed. R. Bankr. P. 8009. (*See* ECF No. 14.) In addition, Appellant has filed multiple extraneous Motions, including two Motions to Vacate Judgment under Fed. R. Civ. P. 60, a Motion to Strike under Fed. R. Civ. P. 12, and a Motion to Take Judicial Notice.[1] (*See* ECF Nos. 28, 10, 29, and 26.) Appellee filed a Motion to Dismiss the Appeal. (*See* ECF No. 16.) No hearing is necessary to resolve these Motions or the appeal, *see* Local Rule 7(J), and the Court also acknowledges that *pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

When considering an appeal from the bankruptcy court, the district court must accept the bankruptcy court's findings of fact unless those findings are clearly erroneous. *In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992). Put differently, decisions of fact that are "made in the exercise of a bankruptcy court's discretion will not be set aside unless there is plain error or an abuse of discretion." *In re Suthers*, 173 B.R. 570, 572 (W.D. Va. 1994) (quoting *In re Lawless*, 79 B.R. 850, 852 (W.D. Mo. 1987)). Conclusions of law, however, are reviewed *de novo* by a district court. *See In re Plumlee*, 236 B.R. 606, 609 (E.D. Va.1999) (citing *In re Johnson*, 960 F.2d at 399).

Fed. R. Bankr. P. 8009(a)(1)(A) instructs that "[t]he appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Furthermore, within 14 days of the appeal of right becoming effective, the appellant must order those hearing transcripts that she "considers necessary for the appeal" or "file with the bankruptcy clerk

---

[1] Given the Court's disposition in this matter, it need not address these Motions.

a certificate stating that the appellant is not ordering a transcript." *Id.* at (b)(1). Moreover, "[i]f the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all relevant testimony and copies of all relevant exhibits." *Id.* at (b)(5).

The reason for this requirement is simple: the appellant must give the district court the necessary information to evaluate the bankruptcy court's evidentiary findings. If the appellant fails to provide this critical information, then the district court is justified in summarily affirming the holding of the bankruptcy court. *See Sheppard v. Love*, No. 6:16-CV-169, 2016 WL 7324100, at *3 (W.D. Tex. Dec. 15, 2016) ("Without a transcript, the Court cannot review the findings and conclusions of the bankruptcy court. And without such review the Court is left with no choice but to affirm the ruling of the bankruptcy court."); *In re Cupit*, 541 B.R. 739, 745 (D. Colo. 2015) ("If the record on appeal fails to include copies of the documents necessary to decide an issue on appeal, this Court is unable to rule on that issue and may summarily affirm the bankruptcy court.") (internal quotation marks omitted); *In re Burris*, 2:14-BK-10801-WB, 2015 WL 5922036, at *3 n.4 (B.A.P. 9th Cir. Oct. 9, 2015) (stating that where the bankruptcy court's "findings of fact and conclusions of law [were] made on the record," a transcript is "necessary" for the reviewing panel to evaluate the holding of the lower court).

In Appellant's designation of the record, she has provided this Court with more than 300 pages of material, most of which is comprised of duplicative documents that Appellant drafted without the assistance of counsel. (*See* ECF Nos. 14-3–14-6.) However, conspicuously absent from Appellant's record designation is a transcript of the

Bankruptcy Court's October 16, 2018 hearing. In fact, Appellant expressly stated in bold font that she would not be providing a transcript. (*See* ECF No. 25 at 23 ("**Appellant Brenda Coleman Gillis <u>elected not to order a transcript</u>**").)

Accordingly, it is impossible to evaluate the Bankruptcy Court's factual findings—which were explicitly stated *on the record*—without the benefit of a transcript. Furthermore, this Court views the Bankruptcy Court's factual findings with a great deal of deference, as it must, and overturn those findings only where there is clear error on the record. Therefore, because appellant has not filed a transcript in this case the Court cannot find that the Bankruptcy Court committed clear error, and, as a result, the Bankruptcy Court will be summarily affirmed.

An appropriate order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: June 11, 2019
Richmond, Virginia

4